# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

DWAYNE SHARKEY,                          )
                                         )
            Plaintiff,                   )
v.                                       )          NO. 1:06-0028
                                         )          JUDGE HAYNES
Tennessee Department of Corrections      )
et al.                                   )
            Defendants,                   )

## MEMORANDUM

Plaintiff, Dwayne Sharkey, a state prisoner, filed this action under 42 U.S.C. § 1983 against the Defendants: Tennessee Department of Corrections, Corrections Corporation of America, Officer Woods, Molley O'Toole, M.D., Linda Mood, warden, George Little, assistant commissioner and other unidentified persons . Plaintiff asserts Eighth Amendment claims for the denial of his right to personal safety and denial of proper medical care .

Before the Court are the motions to dismiss filed by the Defendants (Docket Entry Nos. 12, 14, 23 and 25), contending, in sum: (1) that Plaintiff has not exhausted his administrative grievance remedies; (2) that the TDOC is not a proper party; and (3) that there are not any allegations of Little's personal involvement in the events at issues. In his answer to these Defendants' motions, Plaintiff attached a copy of his grievance, (Docket Entry No. 27, Attachment thereto), that does not reflect the names of any of the Defendants in this action except Woods. Id.

First, TDOC, as a state agency, is not a proper party for this Section 1983 action. Will v. Michigan Dept. State Police, 491 U.S. 58, 71 (1989).

Second, Plaintiff's grievance and complaint do not make any factual allegations about the Defendant Little except that he is responsible for the prison. Absent some factual allegations of

Little's personal involvement, the complaint fails to state a claim as to Little. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

Third, as to the Defendants, Corrections Corporation of America, Lindamood, Woods and O'Toole, the Prison Litigation Reform Act ("PLRA") provides, in pertinent part: " No action shall be brought with respect to prison conditions under section 1993 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). The PLRA requires a prisoner to exhaust his administrative remedies before filing a § 1983 action. Porter v. Nussle, 534 U.S. 516, 524 (2002); White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997). In Porter, the Supreme Court held that the PLRA exhaustion requirement in § 1997e applies to all prisoners seeing redress for prison condition and is mandatory. 516 U.S. at 524.

Under the PLRA, a prisoner bears the burden to establish his exhaustion of administrative remedies and if practicable, prisoner must attach documentation of his grievance to his complaint. Bey v. Johnson, 407 F.3d 801, 805 (6th Cir. 2005). Further, in his grievance, the prisoner must name each defendant who is named in his civil action and discuss the same claims in his grievance that are in his legal action. Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001). Here, Plaintiff names as defendants persons who are not mentioned in his grievance except for Woods. As to Woods, Plaintiff has not shown that he exercised his appeal rights in his grievance involving Woods. Such a failure to exhaust administrative appeals also forecloses pursuit of a Section 1983 action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

Accordingly, for these multiple reasons, the Defendants' motions must be granted and the Plaintiff's complaint must be dismissed.

2

An appropriate Order is filed herewith.

**ENTERED** this the _8th_ day of August, 2006.

WILLIAM J. HAYNES, JR.
United States District Judge

3